UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DAMARYS ROSADO,

    Plaintiff,

v.                                               CASE NO: 8:05-cv-1361-T-26TGW

CVS PHARMACY INC.,

    Defendant.
_____/

**O R D E R**

    Before the Court is Defendant's Motion to File Instanter its Certification regarding Factual Issues in Dispute and its Statement of Undisputed Facts and/or Motion to Alter the Court's November 15, 2005, Case Management and Scheduling Order and/or Motion to Vacate, Modify, Set Aside, or Rescind this Court's November 1, 2006, Order (Dkt. 14), and Defendant's Motion for Summary Judgment, Statement of Undisputed Facts, and various affidavits, deposition testimony, and other exhibits. (Dkt. 10). After careful consideration of the Motions and the Defendant's submissions, the Court concludes that responses are unnecessary, that the Motion to File Instanter should be granted, but that the Motion for Summary Judgment should be denied.

    Defendant seeks summary judgment on three primary grounds: (1) failure to establish a *prima facie* case of hostile work environment, including the lack of harassing

conduct based on sex, lack of necessary pervasiveness, and prompt action by Defendant; (2) failure to establish a *prima facie* case of unlawful constructive discharge; and (3) failure to establish a *prima facie* case of retaliation because her harassment complaint was not "protected conduct," her being removed from the work schedule with pay did not constitute an adverse employment action, the harassment complaints were not causally connected to her alleged adverse employment action, and placing her on paid leave was not pretextual.  With respect to the assertions regarding sexual harassment and constructive discharge, the Court finds, that assuming the incidents set forth in the Motion are true, these circumstances would not necessarily exclude a finding of pervasiveness for purposes of a hostile work environment or a finding of constructive discharge.  Moreover, most of the incidents, as recited in Defendant's Motion, present conduct based on sex.  As to any corrective action taken by Defendant, assuming Plaintiff was subjected to supervisor harassment, the Court finds that her deposition testimony shows that she testified that she was punished by being asked to move to another store and she did not know whether or not an investigation was conducted.

For the same reasons as set forth above, the Court finds that summary judgment should not be entered on the retaliation claims.  The Court further finds that Plaintiff will be confined to the allegations of her Complaint— whether it states a claim for sexual harassment or sexual discrimination.  Accordingly, summary judgment is denied.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Instanter (Dkt. 14) is granted. Defendant's Motion for Summary Judgment (Dkt. 10) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on November 7, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record